**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**BENJAMIN A. BRADLEY,**

    **Plaintiff,**

vs.                                                              Case No. 4:13cv638-RS/CAS

**MAJOR DAMON ATKINS,**
**et al.,**

    **Defendants.**

_____/

**REPORT AND RECOMMENDATION**

Plaintiff, proceeding pro se, has submitted a fourth amended complaint. Doc. 22. Although not clear from the fourth amended complaint because Plaintiff did not submit Section II of the complaint form, Plaintiff is a former prisoner and is suing prison officials. Plaintiff has been given numerous opportunities to submit a viable complaint, but the fourth amended complaint remains deficient. The prior Order advised Plaintiff that the fourth amended complaint would "be the final opportunity extended to Plaintiff" to comply with the directions given to him.

Specifically, Plaintiff was required to present his "statement of facts" in "separate factual allegations in separately numbered paragraphs." Doc. 19. Plaintiff was advised that Rule 10(b) requires all statements of fact to "be made in numbered paragraphs, the

contents of which shall be limited as far as practicable to a statement of a single set of circumstances." Fed. R. Civ. P. 10(b). Despite being informed that compliance was not optional, Plaintiff's fourth amended complaint still does not comply. There are five pages of factual assertions with just six numbered paragraphs which are not limited to a single statement of an event. No Defendant could respond as required by Rule 8 to those allegations because they are not presented in short, numbered paragraphs.

Plaintiff was also directed to provide the dates on which the events about which he complains took place. *See* doc. 19. Plaintiff was directed to state the facts in chronological order so the events were understandable and advised to "not simply list events and complaints about one particular Defendant on one page, and list other complaints about another Defendant on another page." *Id.* Plaintiff did not comply.

Plaintiff alleges that Defendant Gilbert accused Plaintiff of lying about his physical limitations and appears to have given Plaintiff a disciplinary report for refusing to work. Doc. 22 at 2; *see also* doc. 18. Plaintiff does not, however, have a constitutional right to participate in a work release program. Not permitting Plaintiff to do so because Plaintiff claimed he was disabled and could not lift objects over 10 or 15 pounds does not state a claim upon which relief may be granted. Plaintiff makes the conclusory allegations that because of Defendant Gilbert's decision to not allow Plaintiff to participate in a work release program, he was in "excruciating pain." There are no facts presented which show how Defendant Gilbert caused Plaintiff to be in pain. The claim against Defendant Gilbert is insufficient and should be dismissed.

Plaintiff's claim against Defendant Jackson is also insufficient. Plaintiff advises that Defendant Jackson made derogatory statements to Plaintiff and tried to influence

other persons to adopt her view that Plaintiff was not qualified to be at the work release center. Plaintiff asserts that he "never refused to do work that [he was] capable of doing." *Id.* at 3. Because Plaintiff has no constitutional right to participate in work release, his allegations do not reveal that Plaintiff's constitutional rights were violated. The claim against Defendant Jackson is insufficient and should be dismissed.

Similarly, Plaintiff alleges that Defendant Cooper disliked Plaintiff because of a personal disagreement with one of Plaintiff's relatives. Plaintiff claims that this Defendant threatened that Plaintiff would be sent back to prison and should not be on work release because Plaintiff was disabled. Doc. 22 at 4. By Plaintiff's own admissions in the complaint, he was disabled and had been receiving disability benefits. *Id.* at 2-3. However, Plaintiff indicates that five officers determined that Plaintiff was not disabled and, apparently, concluded that Plaintiff was refusing to work. Plaintiff was returned to prison and removed from the work release program. *Id.* at 4. That is not a constitutional violation and the claim against Defendant Cooper is insufficient and should be dismissed.

Plaintiff's claim against Defendant Butler is that she directed Plaintiff to report to Big Bend Workforce to obtain employment, but would not allow Plaintiff to go sign paperwork for an employment opportunity elsewhere. Plaintiff indicates that Defendant played some role, although it is not entirely clear what role she played, in his return to prison and removal from the work release program. Plaintiff also indicates there was an issue with the prisoner "count" not being correct because Plaintiff did not sign in. Such issues are not constitutional violations. Plaintiff's claim against Defendant Butler is insufficient and should be dismissed.

Plaintiff's factual allegations are still not sufficient to state a claim against Defendant Atkins either.  Plaintiff does not clearly allege what Defendant Atkins did or did not do that caused Plaintiff harm or violated his rights.  Plaintiff suggests that this Defendant also participated in the decision to return him to prison from the work release program, but that is not a constitutional violation.  Because the facts supporting Plaintiff's claim against this Defendant are insufficient, the complaint should be dismissed.

Finally, Plaintiff contends that Dr. Richardson was negligent because Plaintiff was not allowed to see a neurologist.  The Supreme Court has unequivocally held that a state official's negligent conduct, even though it causes injury, does not constitute an actionable deprivation under § 1983.  County of Sacramento v. Lewis, 523 U.S. 833, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998); Daniels v. Williams, 474 U.S. 327, 331, 106 S. Ct. 662, 665, 88 L. Ed. 2d 662 (1986).  Plaintiff has not alleged more than negligence by Defendant Richardson and, thus, the amended complaint is insufficient on its face.

Plaintiff has had ample opportunity to submit a viable complaint.  Further opportunities are not warranted.  Plaintiff has not provided any factual allegations which even suggest that there is a possible claim that could be presented based on Plaintiff's removal from the work release program.

**RECOMMENDATION**

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's fourth amended complaint, doc. 22, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2).

**IN CHAMBERS** at Tallahassee, Florida, on October 21, 2014.


 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**